IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA NICKS, | No. C 07-04146 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CENTRAL CONTRA COSTA TRANSIT AUTHORITY, | |
| Defendant. | |

    Proceeding pro se, Plaintiff Wanda Nicks filed this action against her employer, the Central Costra County Transit Authority ("CCCTA"), alleging discrimination on the basis of disability and gender, harassment, and breach of company policy. Plaintiff's complaint in this case is similar to the complaint she filed in a related case, Nicks v. Central Contra Costa Transit Authority, No. C 07-01808, which this Court dismissed without prejudice on July 9, 2007 for failure to exhaust administrative remedies.

    According to Nicks' complaint in this case, Nicks filed charges with the Federal Equal Opportunity Commission on or about June 2007. See Compl. at 3. Presumably, Nicks now believes that she has adequately exhausted her administrative remedies and may proceed on the merits of her claims.

    Nonetheless, the defendant has moved to dismiss Nicks' complaint on four grounds. First, CCCTA argues that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because service was insufficient. The plaintiff must execute proper

service of the summons and complaint on the defendant within 120 days after the filing of the complaint.  See Fed. R. Civ. P. 4(m).  Because the defendant is a local governmental entity, service must be effectuated by delivering a copy of the summons and complaint to the defendant's chief executive officer or by serving the summons and complaint in the manner prescribed by California law.  See Fed. R. Civ. P. 4(j)(2).  California law provides that a summons may be served on a local governmental entity "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."  Cal. Code Civ. P. § 416.50.

     The defendant argues that it received insufficient service when the United States Marshal delivered the summons to a human resources assistant who was sitting at the reception desk at CCCTA, rather than to CCCTA's General Manager.  However, the record reflects that a summons was subsequently delivered to the Chair of CCCTA's Board of Directors.  The defendant does not dispute that this subsequent service – executed within 120 days of the filing of plaintiff's complaint – was proper under § 416.50.

     Second, CCCTA moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) because the action is barred by the doctrine of res judicata and is duplicative of Nicks' prior complaint in 07-01808.  Defendant's res judicata argument is misguided because this Court dismissed Nicks' first action without prejudice.  It is well established that a dismissal without prejudice does not operate as adjudication upon the merits, and thus does not have a res judicata effect.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990).

     Similarly, the doctrine of duplicative litigation holds little sway under the circumstances.  That doctrine is intended to conserve judicial resources where a plaintiff files two actions involving the same parties and same claims.  See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982).  When two identical actions are filed in courts of concurrent jurisdiction, "the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action."  Id.  But here there is no risk that judicial resources will be wasted by two simultaneous trials on identical

1  actions.  Based upon the advice of the clerk's office, the plaintiff – proceeding pro se – has
2  elected to file a second complaint, opening a new case, rather than simply file an amended
3  complaint in the first-filed action.  While perhaps unusual, filing a second complaint raises
4  no risk of duplicative trials unless and until the plaintiff also files an amended complaint in
5  the 07-01808 case.  Accordingly, a dismissal pursuant to the duplicative litigation doctrine
6  would be inappropriate.

7  Third, CCCTA moves to dismiss plaintiff's employment discrimination and
8  harassment claims as untimely under Title VII and the Americans with Disabilities Act
9  ("ADA").  In Title VII cases, an aggrieved employee has 180 days "after the alleged
10 unlawful employment practice occurred" to file a charge with the EEOC.  42 U.S.C. § 2000e-
11 5(e)(1).  Charges brought under Title I of the ADA are subject to identical time requirements.
12 See 42 U.S.C. § 12117(a).

13 The defendant argues that dismissal is appropriate because the plaintiff has failed to
14 allege that any unlawful employment practices occurred within 180 days of June 2007, when
15 the plaintiff allegedly filed a complaint with the EEOC.  See Compl. at 3.  To be sure, the
16 plaintiff's complaint appears to be based, in part, on an altercation that occurred on April 1,
17 2005.  To the extent that plaintiff's complaint is based on that event, her claims of
18 discrimination are untimely because that act of alleged discrimination occurred more than
19 180 days before June of 2007.  See Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S.Ct.
20 2162, 2166-67 (2007) (holding that "if the employee does not submit a timely EEOC charge,
21 the employee may not challenge that practice in court").  However, the plaintiff also alleges
22 that the defendant's discrimination continued into 2007.  See Compl. at 2.  To the extent that
23 the defendant committed new and discrete unlawful practices of discrimination and
24 retaliation, these "fresh violation[s]" re-triggered the EEOC charging period, and therefore
25 may be timely depending on precisely when the practices occurred.  See Ledbetter, 127 S.Ct.
26 at 2169.

27 Unfortunately, the complaint is too vague and incoherent for the Court to determine
28 whether the plaintiff seeks relief for allegedly unlawful practices that occurred within the

time period set forth in §§ 2000e-5 and 12117(a). In order to make this determination – and in order for the defendant to be reasonably able to frame a responsive pleading – a more definite statement is required. See Fed. R. Civ. P. 12(e). Because the plaintiff is proceeding pro se, the Court will provide some guidance on the kind of information that should be included in an amended complaint. In an amended complaint, the plaintiff must identify:

1. The precise date on which the plaintiff filed charges with the EEOC;
2. The discrete unlawful practices committed <u>by the defendant</u> that plaintiff believes were discriminatory, harassing, and/or retaliatory;
3. The date on which those allegedly unlawful practices occurred;
4. The individuals or parties who committed those allegedly unlawful practices;
5. The disability that forms the basis of plaintiff's claim of discrimination on the basis of disability.

The defendant's fourth argument is that dismissal is appropriate because the plaintiff has not stated a cause of action upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The Court is sympathetic to the defendant's concern that the plaintiff's complaint does not, at this time, identify the allegedly discriminatory and harassing conduct that forms the basis of her claims. However, in light of the fact that the plaintiff is proceeding pro se, the most prudent course of action is to provide the plaintiff with an opportunity to amend her complaint with a more definite statement. The defendant can then move to dismiss the amended complaint, if it believes that the amended complaint does not satisfy the dictates of Rule 12(b)(6).

///

4

In sum, the defendant's motion to dismiss is DENIED.  The defendant's motion to strike is DENIED.  The defendant's motion for a more definite statement is GRANTED.  The plaintiff shall file an amended complaint setting forth the information identified in this order by Friday, December 28, 2007.

**IT IS SO ORDERED.**



Dated: December 7, 2007         CHARLES  R. BREYER
                                UNITED STATES DISTRICT JUDGE

5