IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WANDA NICKS,

    Plaintiff,

v.

CENTRAL CONTRA COSTA TRANSIT AUTHORITY,

    Defendant.

No. C 07-04146 CRB

**ORDER GRANTING MOTION TO DISMISS**

    Pro se plaintiff Wanda Nicks, filed this action against her employer, the Central Contra Costa Transit Authority ("CCCTA"), alleging discrimination on the basis of disability and gender, harassment, retaliation, and breach of company policy. The defendant now moves to dismiss plaintiff's second amended complaint under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court GRANTS defendant's motion with leave to amend, thereby VACATING the hearing scheduled for February 29, 2008.

    Plaintiff's second amended complaint reads as a series of jumbled and incoherent events. To the extent that the Court can discern the facts, it appears that plaintiff alleges that the defendant discriminated against her on the basis of her disability and gender. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 12, 2007 for gender and disability discrimination, and filed an additional charge for retaliation on

August 28, 2007. Nonetheless, it is not altogether clear what conduct the plaintiff believes to be actionable discrimination.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be granted if the plaintiff fails to state a claim upon which relief can be granted. Although a pro se litigant is entitled to "great leeway" when the court construes the pleadings, the pleadings must nonetheless "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff's second amended complaint fails to adequately put forth allegations informing the defendant of what it has done wrong. Indeed, the Court itself cannot identify with confidence any actionable discrimination or retaliation in the permissible time period. Because pro se complaints may be dismissed without leave to amend "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988), the defendant's motion to dismiss is granted without prejudice.

**IT IS SO ORDERED.**

Dated: February 22, 2008

CHARLES R. BREYER
United States District Judge